REDMANN, Judge.
Plaintiff telephone company sued defendant subscriber for $1,847.58, plaintiff’s charges for connecting defendant’s answering service subscribers’ telephones to defendant’s offices.
Denying plaintiff’s right to make the stated charge while admitting the services rendered, defendant’s answer further alleged that the prior course of dealing between plaintiff and defendant was the charging on a cost basis for services such as those here involved. ' Defendant further asserted an obligation on the public utility to charge similarly situated subscribers nondiscriminatorily.
We granted certiorari to review the trial court’s refusal to order production of documents relating to the charges to defendant and several other telephone answering services from 1967 to date, and also the plaintiff’s service manual providing for the keep-cost procedure.
Plaintiff’s opposition argues irrelevancy of all material sought; vagueness as to the “manual” sought; and oppressiveness.
First we reject plaintiff’s notion, asserted in the trial court, that because the rate making Public Service Commission has authorized a tariff a subscriber is obliged to pay the authorized amount irrespective of charges made by the utility for similar services to similar customers. If plaintiff affords services to defendant’s competitors at lower than authorized tariffs plaintiff must limit its claim against defendant to the same basis rather than the authorized tariffs.
Accordingly the documents seeking to establish plaintiff’s charging practices as of the time in question are relevant to defendant’s defense.
However, defendant seeks evidence dating back to 1967 in connection *800 with this case involving 1971 charges. Defendant theorizes that plaintiff’s prior practice of charging cost obliged plaintiff to notify defendant of plaintiff’s intention to charge full tariff rates on the transaction in question. We disagree. In our opinion the reasonableness of plaintiff’s charges addresses itself to the Public Service Commission, La. Const. art. 6 § 4. Assuming that in the past, despite the existence of a stated tariff, plaintiff had charged for certain services on a cost basis, we are unaware of any legal principle that would prevent plaintiff for abandoning its keep-cost procedure and charging all customers the full tariff. We see no difference in principle between such a change (as long as it is uniform) and an increase occasioned by a change in tariff.
Accordingly, we agree with the trial judge that defendant is not entitled to records from 1967. Perhaps records of one year, before and after the charges involved, or some similar period, will adequately serve defendant’s purpose without unduly burdening plaintiff.
Plaintiff’s objection to the vagueness of the request for that part of a manual establishing keep-cost procedure is unsound. Plaintiff knows where its keep-cost instructions to installation employees are found and, if in a manual, in which manual. If such a manual exists it must be produced.
That the production sought was unduly burdensome we have agreed, but only to the extent the records were for an unreasonable period. No showing has been made that the production of records of a reasonable period before and after the services in question would be unduly burdensome.
The ruling refusing to order production to the full extent requested is affirmed on the grounds of undue burden, but the ruling is vacated insofar as it refused to order limited production consistent with this opinion; and the matter is remanded for entry of such an order.
Affirmed in part, reversed in part, remanded.